UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT LEE CARTER, SR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:09CV624 RWS |
|  | ) |  |
| MISSOURI DEPARTMENT OF | ) |  |
| SOCIAL SERVICES, | ) |  |
| Family Support Division, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

Plaintiff Robert Carter alleges in his complaint that he has been subjected to employment discrimination by the Missouri Department of Social Services. He asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (Id.), and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.

Defendant Missouri Department of Social Services, Family Support Division (the "FSD") has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because I find that Carter's only cognizable claim is his Title VII retaliation claim, I will grant the FSD's motion to dismiss the other claims asserted in the complaint.

*Background*

Plaintiff Carter was hired by the FSD in April of 2000. On February 4, 2009, the FSD informed Carter that he was being terminated effective February 11, 2009.

In his complaint Carter alleges that his troubles with FSD started when, at some

unspecified time, he applied for accommodations in his job in relation to some unspecified medical condition. He also alleges that on some unspecified date he was denied the ability to "go on two interviews for a promotion." Carter alleges that he filed an EEOC complaint stemming from interview incident which was resolved through mediation. Carter asserts that he was again denied an interview and he filed a second EEOC complaint to which the EEOC stated that they could not help Carter resolve.

Carter alleges that after he filed the EEOC complaints he started to get harassed by his supervisor. He asserts that he was ultimately terminated based on his complaints filed with the EEOC.

On March 26, 2009, Carter filed a charge of discrimination with the Missouri Commission of Human Rights (MCHR) and with the Equal Employment Opportunity Commission (EEOC). In his charge Carter asserts only that he was terminated in retaliation for filing complaints with the EEOC including a complaint he filed with the "Office of Civil Rights Region VII in January 2009." Only the retaliation box is marked on the charge form. Carter asserts in the charge that "I believe I was terminated out of retaliation for all of my protected complaints. This is in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990."

Carter received a right to sue letter from the EEOC on April 6, 2009, He filed this lawsuit on April 22, 2009. Carter seeks $157 million in damages.

The FSD has moved to dismiss any claims under the ADEA and the ADA on the basis sovereign immunity. It also moved to limit Carter's claim to the one issue he exhausted with the EEOC, that is, his claim of retaliation.

*Legal Standard*

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a district court is free to review matters outside of the complaint such as affidavits and documents. Osborn v. United States, 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information outside of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. Id. A Rule 12(b)(1) motion is distinct in that, unlike a Rule 12(b)(6) motion, when a factual challenge to jurisdiction is made by a movant there is no presumptive truthfulness attached to a plaintiff's allegations in the complaint. Id. at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

In ruling on a motion to dismiss under Rule 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

*Discussion*

*Claims under the ADA and the ADEA*

The FSD first asserts that the Court lacks subject matter jurisdiction over Carter's claims under the ADEA and the ADA. FSD argues that because it is an agency of the State of Missouri these claims are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment bars suits in federal court against a state by its own citizens. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Congress may abrogate the States' Eleventh Amendment immunity when it expressly intends to do so and when it acts pursuant to a valid grant of constitutional authority. Id. at 364. Neither the ADA nor the ADEA abrogates the States' Eleventh Amendment immunity to allow an employment discrimination suit for monetary damages against a state. Id. at 374. (ADA); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 92 (2000)(ADEA).

Eleventh Amendment immunity extends to state agencies which are considered an arm of the State. Gibson v. Arkansas Dept. of Correction, 265 F.3d 718, 720 (8th Cir. 2001). The Missouri Department of Social Services is a state agency entitled to Eleventh Amendment immunity. Texas Community Bank, N.A. v. Missouri Dept. of Social Services, Div. of Medical Services, 232 F.3d 942, 943 (8th Cir. 2000). Because the Court is without jurisdiction to adjudicate Carter's claims under the ADA and the ADEA against the FSD, I will grant the FSD's motion to dismiss under Rule 12(b)(1).

*Claims under Title VII*

Carter's complaint asserts a claim of employment discrimination in the form of alleged retaliation. He asserts that his employment was terminated for exercising his rights under Title VII. His complaint also alludes to claims of harassment, failure to promote, and failure to accommodate.

The FDS asserts that the only claim properly before the Court is Carter's claim of retaliation evidenced by the termination of his employment. The FDS argues that this is the only claim that was presented and exhausted with the EEOC prior to the filing of this lawsuit. It

asserts that any other claims of disparate treatment should be dismissed for failing to exhaust these claims with the EEOC.

Central to the statutory scheme provided by Title VII is the requirement that a plaintiff exhaust his administrative remedies by filing a charge with the EEOC. Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996)(quotations and citations omitted). The purpose of the exhaustion requirement is to allow the EEOC the opportunity to investigate discriminatory practices and perform its role of obtaining voluntary compliance and promote conciliatory efforts. Id. In order to exhaust administrative remedies, a Title VII plaintiff must timely file charges with the EEOC and obtain from the EEOC, a "right to sue letter." Id. See also 42 U.S.C. § 2000e-5 (b), (c), and (e). After exhausting his administrative remedies, a plaintiff obtains the right to file a civil action in federal court based upon the employment discrimination claim alleged in the EEOC charge, along with allegations that are "'like or reasonably related'" to that claim. Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)). A failure to exhaust Title VII's administrative remedies, however, bars the plaintiff from filing a civil lawsuit. Williams, 21 F.3d at 222.

Courts will liberally construe discrimination claims made by *pro se* litigants. Shannon, 72 F.3d at 685. However, there is a great difference between "liberally reading a claim which lacks specificity ... and inventing *ex nihilo* a claim which was simply not made" by the plaintiff. Id.

Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire constitute separate actionable unlawful employment practices. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). "Each discrete discriminatory act starts a new clock for

filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." Id. at 113. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id.

The only discrete act that Carter raised in his EEOC charge was his allegation that he was terminated in retaliation for exercising his rights under Title VII. That is the only claim for which he received a right to sue from the EEOC. Carter's EEOC charge does not assert any of the other discrete acts that he alludes to in his complaint. As a result, I will grant the FDS's motion to dismiss all claims under Title VII claims **except for Carters retaliation calm based on his termination**. Carter's claim of retaliation is not subject to dismissal under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant FDS's motion to dismiss Plaintiff Carter's claims under the ADA, the ADEA, and under TitleVII (with the exception of Carter's retaliation claim) [#22] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2009.